**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN WIGGINS | : | |
| v. | : | NO.: 3:17-cv-1410 |
| | : | |
| LACKAWANNA COUNTY, et al. | : | |

# **ORDER**

AND NOW this _____ day of _____, 2017, upon consideration of Defendants, Mark McAndrew and Lackawanna County's Motion to Dismiss Plaintiff's Complaint, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants, Mark McAndrew and Lackawanna County's Motion to Dismiss is DENIED.

It is further ORDERED and DECREED that Defendants, Mark McAndrew and Lackawanna County shall file an Answer to Plaintiff's Complaint within 20 days of this Order.

_____
,J.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN WIGGINS  :
      v.  :  NO.: 3:17-cv-1410
         :
LACKAWANNA COUNTY, et al.  :

## PLAINTIFF, JOHN WIGGINS' RESPONSE IN OPPOSITION TO DEFENDANTS, MARK MCANDREW AND LACKAWANNA COUNTY'S MOTION TO DIMISS

Plaintiff, John Wiggins, by and through his undersigned attorneys, hereby provides his Response in Opposition to Defendants, Mark McAndrew and Lackawanna County's ("Moving Defendants") Motion to Dismiss Plaintiff's Complaint and in support thereof, state as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. It is admitted that Moving Defendants move for dismissal of Plaintiff's Complaint. The remaining averments in this paragraph are conclusions of law to which no response is required; nonetheless, these remaining averments are denied and strict proof thereof is demanded.

5. Admitted.

**WHEREFORE,** Plaintiff, John Wiggins, by and through his undersigned attorneys, respectfully requests this Honorable Court deny Defendants, Mark McAndrew and Lackawanna County's Motion to Dismiss Plaintiff's Complaint and enter the proposed Order attached hereto.

                                              **WEISBERG LAW**

                                              */s/ Matthew B. Weisberg*
                                              Matthew Weisberg, Esquire
                                              Attorney Id. No.:85570
                                              L. Anthony DiJiacomo, III, Esquire
                                              Attorney Id. No.: 321356

7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN WIGGINS :
      v. : NO.: 3:17-cv-1410
       :
LACKAWANNA COUNTY, et al. :

**PLAINTIFF, JOHN WIGGINS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, MARK MCANDREW AND LACKAWANNA COUNTY'S MOTION TO DIMISS**

    Plaintiff, John Wiggins, by and through his undersigned attorneys, hereby provides his Memorandum of Law in Support of his Response in Opposition to Defendants, Mark McAndrew and Lackawanna County's ("Moving Defendants") Motion to Dismiss Plaintiff's Complaint.

**I.    OPERATIVE FACTS**

    Plaintiff was arrested on October 14, 2011 for use/possession of drug paraphernalia and was incarcerated in Lackawanna County Prison. *See* Pl. Compl., ¶ 8. After being incarcerated for more than two (2) years awaiting trial, on July 3, 2014, Plaintiff filed a motion to dismiss charges for failure of a prompt trial, (because the Plaintiff spent two (2) years and six (6) months since charges were filed against him in prison awaiting trial). *See* Pl. Compl., ¶ 9. The motion was denied and Plaintiff remained in Lackawanna County Prison for a total of more than three (3) years awaiting trial. *See* Pl. Compl., ¶ 10.

    On December 10, 2014, a trial was held and Plaintiff was found guilty on one charge that carries a minimum of Eighteen (18) months and a maximum of Thirty-Eight (38) months, time which Plaintiff already served and surpassed the maximum sentence time by almost two months while he was incarcerated in Lackawanna County Prison awaiting trial. *See* Pl. Compl., ¶ 11.

    Instead of releasing Plaintiff for already serving over the maximum time required for his

sentence, the Lackawanna Sheriff transferred him to Graterford prison. *See* Pl. Compl., ¶ 12. In Graterford prison, while processing Plaintiff's papers for entry, the prison officials realized that the Plaintiff had already served and exceeded the maximum sentence allowed and thus could not hold him in prison; instead, Plaintiff was put in a holding area. *See* Pl. Compl., ¶ 13. Graterford prison officials then informed the Lackawanna Sheriff that they could not put the Plaintiff in prison because he had already served the maximum sentence allowed and asked the Lackawanna Sheriff to pick up the Plaintiff; and on the next day, Lackawanna Sheriff arrived at Graterford prison, picked up the Plaintiff and took him back to Lackawanna County Prison. *See* Pl. Compl., ¶ 14. Defendants Lackawanna County and Lackawanna Sheriff received Plaintiff from Graterford Prison with the knowledge that he had already served and exceeded the maximum sentence time allowed. *See* Pl. Compl., ¶ 15.

Instead of releasing Plaintiff, Defendants, Lackawanna County and Lackawanna Sheriff incarcerated Plaintiff in Lackawanna County Prison for an additional year over the maximum sentence he had already served. *See* Pl. Compl., ¶ 16. Upon information and belief, Plaintiff was not released from prison until sometime in the winter of 2015. *See* Pl. Compl., ¶ 17. The conduct of Defendants caused the violation of Plaintiff's civil rights granted by the United States Constitution and reflected in the Pennsylvania State Constitution. *See* Pl. Compl., ¶ 18. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered physical injury, significant financial loss, severe emotional distress, and loss of liberty. *See* Pl. Compl., ¶ 19.

## II.     ARGUMENT

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in *Twombly* and *Iqbal* (in accord with *Phillips*) merely requires that the Complaint "set out 'sufficient factual matter' to show that the

claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPML Shadyside* - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1955 (2009)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (C.A.3 2008).

*Fowler* reiterated the appropriate Motion to Dismiss standard, as elucidated in *Phillips*, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, *under **any** reasonable reading of the Complaint,* the plaintiff *may* be entitled to relief." *Fowler*, supra (quoting *Phillips*, at 233) (emphasis added). "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[1] *Fowler* (citing Twombly, at 564, n.8).

"Even post-*Twombly*, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" *Fowler*, supra; (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 231 2671 (W.D. Pa. 2008) *Phillips*, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Montville Twp. v. Woodmont Builders LLC*,

---

[1] Mr. Sharp: It's a conclusory fact.

Justice Breyer: Well, it's a fact. They sat in their view --

Mr. Sharp: It's a conclusion.

Justice Breyer: All right. I don't know what a conclusory fact is as opposed to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting *Twombly*, at 1969).  In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler*, supra  "…[S]tandards of pleadings are not the same as standards of proof." Id.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

Here, Plaintiff's well-pleaded Civil Action Complaint sets forth viable claims by Plaintiff against Moving Defendants. Previously, this Honorable Court orally denied Plaintiff's Undersigned Counsel leave to withdraw as counsel. Plaintiff's Undersigned Counsel notes that they have continued to make numerous attempts to contact Plaintiff without success in order to obtain sufficient facts to either amend Plaintiff's Complaint and/or provide a more substantive responses herein. Now, Plaintiff's Undersigned Counsel timely responds to Moving Defendants' Motion to Dismiss in accordance with Federal Rule of Civil Procedure 11, and respectfully requests that this Honorable Court apply the above standard, holding Moving Defendants to their proofs, and deny Moving Defendants' Motion to Dismiss.

### III.    CONCLUSION

When applying the correct standard, Plaintiff's Complaint provides a valid basis for Plaintiff's claims against Moving Defendants. As such, Defendants, Mark McAndrew and Lackawanna County's Motion to Dismiss Plaintiff's Complaint should be denied.

**WHEREFORE,** Plaintiff, John Wiggins, by and through his undersigned attorneys, respectfully requests this Honorable Court deny Defendants, Mark McAndrew and Lackawanna County's Motion to Dismiss Plaintiff's Complaint and enter the proposed Order attached hereto.

                                      **WEISBERG LAW**

                                      */s/ Matthew B. Weisberg*
                                      Matthew Weisberg, Esquire
                                      Attorney Id. No.:85570
                                      L. Anthony DiJiacomo, III, Esquire
                                      Attorney Id. No.: 321356
                                      7 South Morton Ave.
                                      Morton, PA 19070
                                      610-690-0801
                                      Fax: 610-690-0880
                                      *Attorneys for Plaintiffs*


# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WIGGINS | : | |
| v. | : | NO.: 3:17-cv-1410 |
| | : | |
| LACKAWANNA COUNTY, et al. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 15th day of December, 2017, a true and correct copy of the foregoing Plaintiff, John Wiggins' Response in Opposition to Defendants, Mark McAndrew and Lackawanna County's ("Moving Defendants") Motion to Dismiss Plaintiff's Complaint, and Plaintiff's Memorandum of Law in Support Thereof, was served via ECF upon the following party:

Sean P. McDonough, Esquire
Dougherty, Leventhal & Price, LLP
75 Glenmaura National Blvd.
Moosic, PA 18507

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiff*