| | | |
|---|---|---|
| **JOHN WIGGINS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-1410** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **SHERIFF MARK McANDREW,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

After the plaintiff, John Wiggins, was convicted and sentenced to prison by the Lackawanna County Court of Common Pleas, he filed the instant civil rights action pursuant to 42 U.S.C. §1983 against defendants Lackawanna County and Lackawanna County Sheriff Mark McAndrew alleging that he was confined in prison longer than the maximum sentence which was imposed by the court. Presently before the court is a motion to dismiss, (Doc. 7), the plaintiff's complaint, (Doc. 1), filed by the defendants. Specifically, the plaintiff asserts that he was deprived of his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. For the reasons discussed below, the motion to dismiss of defendants will be **GRANTED**. The plaintiff will, however, be permitted to amend his Eighth Amendment claim in Count I and his *Monell* claim in Count III.

## I.  FACTUAL BACKGROUND

The following allegations are taken from the plaintiff's complaint. According to the complaint, plaintiff was arrested on October 14, 2011 for use/possession of drug paraphernalia and, he was incarcerated in Lackawanna County Prison ("LCP"). The plaintiff was incarcerated for two years and six months while he was awaiting trial. On July 3, 2014, he filed a motion to dismiss the charges in the county court based on the failure to give him a prompt trial. The plaintiff's motion was denied and he remained in LCP for more than three years in total while he was awaiting his trial.

On December 10, 2014, the plaintiff had his trial and he alleges that he was found guilty of one charge that carried a minimum of 18 months to a maximum of 38 months term of incarceration. The plaintiff alleges that he had already served and surpassed the maximum sentence by almost two months while he was incarcerated in LCP awaiting trial. The plaintiff alleges that even though he should have been released from confinement when he was sentenced, since he already served in excess of the maximum time allowed for in his sentence, the Lackawanna County Sheriff transferred him to SCI-Graterford prison.

The plaintiff alleges that when his paperwork was being processed at SCI-Graterford, the prison officials realized that he had already served in excess of his maximum sentence. Thus, the officials at SCI-Graterford determined that the plaintiff could not be confined in prison, and they placed him in a holding area. The prison officials at SCI-Graterford then informed the

Lackawanna County Sheriff that they could not confine the plaintiff since he had already served the maximum sentence allowed. They requested the Lackawanna County Sheriff to pick up the plaintiff. The following day, the Lackawanna County Sheriff picked up the plaintiff at SCI-Graterford and took him back to LCP. Thus, the plaintiff alleges that defendants Lackawanna County and the Sheriff took custody of him knowing that he had already served and exceeded the maximum sentence time allowed.

The plaintiff then alleges that even though he should have been released from custody, the defendants incarcerated him once again in LCP for an additional one year over the maximum sentence he had already served. The plaintiff also avers that "[u]pon information and belief, [he] was not released from [LCP] until sometime in the winter of 2015."

The plaintiff concludes that the conduct of defendants violated his rights under the United States Constitution and under the Pennsylvania State Constitution. The plaintiff alleges that as a direct and proximate result of defendants' misconduct, he suffered physical injury, financial loss, severe emotional distress, and loss of liberty.

The court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and1343(a). The court can also exercise pendent jurisdiction over any state law claims that the plaintiff is raising under 28 U.S.C. §1367. Venue is proper in this district since plaintiff and the defendants are located here and, since the claims accrued here.

## II.    PROCEDURAL HISTORY

On August 10, 2017, the plaintiff commenced this action by filing, through counsel, a complaint. (Doc. 1). His complaint consists of three counts and he alleges violations of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments. The plaintiff's constitutional claims are brought under §1983.

Specifically, the plaintiff raises the following three counts in his complaint. In Count I, the plaintiff raises a single claim joining three distinct theories of liability against all of the defendants, namely, "malicious prosecution/false imprisonment and [false] arrest." In Count II, the plaintiff raises a due process claim against all defendants under the Fourth, Eighth and Fourteenth Amendments. In Count III, the plaintiff raises a municipal liability claim against defendants under *Monell*.

As relief, the plaintiff seeks statutory damages, compensatory damages and punitive damages against all defendants. The plaintiff also requests attorneys' fees and costs.

In addition to suing defendants Lackawanna County and Sheriff McAndrew, the plaintiff names John Does 1-10 as defendants whom he alleges "were agents, servants, workmen, or employees of [the county and the sheriff]." Also, the plaintiff sues the Sheriff in both his individual and official capacity.

After the two named defendants were served with the complaint, they filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on October 16,

2017. (Doc. 7). The defendants filed their brief in support on October 30, 2017.[1] (Doc. 10). The plaintiff was granted an extension of time and, he filed his brief in opposition on December 15, 2017. (Doc. 17). No reply brief was filed by the defendants.[2]

## III.  DISCUSSION

"Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citations omitted). To state a claim under §1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. (citations omitted). "A defendant in a civil rights action must have personal

---

[1]The defendants attached exhibits to their brief, (Doc. 10-1), which are copies of the plaintiff's Lackawanna County Court Commitments for his two criminal cases, Criminal Dockets 2675-2011 and 2677-2011. These documents indicate that on December 10, 2014, after he was found guilty, the plaintiff actually received two separate sentences each being for a term of incarceration of 18 months to 36 months for the offenses of "Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver" a controlled substance, and "Conspiracy-Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver" a controlled substance. The plaintiff received credit for time served of 1154 days in case 2675-2011 and, he did not receive any credit for time served in case 2677-2011. At this stage of the case, the court will not attempt to compute the plaintiff's prison sentence. Such a computation is more appropriate after discovery when presented with a summary judgment motion.

[2]Since the parties state the correct standard for a Rule 12(b)(6) motion to dismiss in their briefs, the court does not repeat it herein.

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode).

### 1. John Doe Defendants

The court gives notice to the plaintiff that his claims against the unnamed county employees, including deputy sheriffs, i.e., John Doe defendants 1-10, will be dismissed under Fed.R.Civ.P. 4(m) if he fails to identify them and replace them with the party's real names by filing an amended complaint within 14 days of the date of this memorandum and accompanying order. Rule 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The presumptive time period for the plaintiff to have served his complaint on his Doe defendants has long passed. The defendants did not move to dismiss the John Doe defendants and thus, the court is now advising the plaintiff that it will dismiss these unnamed defendants on its own unless he identifies them and serves them as directed. *See* Bilby v. Lacey, 2016 WL 859384, *6-*7 (M.D.Pa. Jan. 27, 2016), adopted by 2016 WL 927192 (M.D.Pa. Mar. 4, 2016). The court also notes that the plaintiff's complaint does not sufficiently allege the personal involvement regarding the violations of his constitutional rights by *each* of these ten defendants as required.

6

### 2. Pennsylvania Constitutional Claims and State Law Claims

The plaintiff appears to be raising claims under the Pennsylvania Constitution and state law claims but, for the most part, he does not specifically allege any such claims in his complaint. The only state claims which the court finds that the plaintiff specifically references in his complaint are for alleged violations of his rights under the Pennsylvania Constitution. However, the plaintiff cannot maintain a private action for damages under the Pennsylvania Constitution. *See* Smithson v. Rizzo, 2015 WL 1636143 (M.D.Pa. April 7, 2015); Moeller v. Bradford Co., 444 F.Supp.2d 316, 327 n. 13 (M.D.Pa. 2011) ("Pennsylvania has no statutory equivalent to 42 U.S.C. §1983, which provides a private right of action for a federal constitutional violation."). Since the plaintiff only seeks monetary damages in his complaint, all of his claims for violations of his rights under the Pennsylvania Constitution will be dismissed with prejudice.

Moreover, insofar as the plaintiff states in his complaint that his federal constitutional claims raised in Counts I and II also violated his "common law [rights]" and he generally refers to "the laws of the Commonwealth", the defendants maintain that they are immune from any state law claims under the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S.A. §§8541, *et seq*. Section 8541 of the PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." The defendants are entitled to immunity to the extent that the plaintiff is raising

independent state law claims in his complaint. "The PSTCA grants local agencies immunity from liability for damages caused by agency employees, subject to eight specifically enumerated statutory exceptions." Credico v. West Goshen Police, 2013 WL 6077168, *2 (E.D.Pa. Nov. 18, 2013); *see also* 42 Pa.C.S.A. §8542. The plaintiff does not appear to maintain a cause of action for negligence against the defendants, and the plaintiff's claims do not fall into one of the eight enumerated exceptions. In fact, the plaintiff does not address the defendants' argument that they are entitled to immunity under the PSTCA in his brief in opposition. Thus, since "malicious prosecution does not fall within one of the exceptions, the [County] is immune from this claim" under the PSTCA. Id. Nor do the plaintiff's other claims against the County fall within one of the exceptions and, thus the County is immune from these claims as well under the PSTCA.

The defendants also state that "McAndrew is immune under the [PSTCA] for any alleged damages on account of acts he took within the scope of his duties." (Doc. 10 at 10-11) (citing Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006); Vargas v. City of Phila., 783 F.3d 962, 975 (3d Cir. 2015) (Third Circuit held that the "PSTCA provides immunity to municipalities and its employees for official actions unless the employee's conduct goes beyond negligence and constitutes 'a crime, actual fraud, actual malice, or willful misconduct.'"). No doubt that an additional exception under the PSTCA exists for public employees whose actions have been deemed a "crime, actual fraud, actual malice or willful misconduct" by judicial determination. 42 Pa.C.S.A.

§8550. Under Pennsylvania law, "willful misconduct" has been defined to mean "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." King v. Breach, 540 A.2d 976, 981 (Pa. Cmwlth. 1988) (citing Evans v. Philadelphia Transportation Co., 212 A.2d 440 (Pa. 1965)). Thus, "the term 'willful misconduct' is synonymous with the term 'intentional tort.'" King, 540 A.2d at 981.

As defendants state, "[the plaintiff] has not alleged any conduct by McAndrew that would fall outside the scope of immunity provided for in the PSTCA." Thus, McAndrew is also immune from the plaintiff's state law claims under the PSTCA.[3]

As such, any state law tort claims that the plaintiff may be raising in his complaint against all of the defendants will be dismissed with prejudice since they are immune under the PSTCA.

### 3. Claims Against Sheriff McAndrew in his Official Capacity

The defendants state that the claims against Sheriff McAndrew in his official capacity should be dismissed since "the Sheriff's Office is not a legal entity that may be sued separately from the County under Section 1983." They contend that "[a] county sheriff's office is considered a 'sub-unit of [the] County' for the purposes of section 1983 litigation." (Doc. 10 at 5-6). The

---

[3]The court notes that its analysis of the plaintiff's claims as against McAndrew is also applicable to his claims against the Doe defendants in the event that the plaintiff is able to identify them and serve them within the time period stated above.

plaintiff's claims against Sheriff Mcandrew in his official capacity under §1983 are subject to dismissal with prejudice "because these claims are viewed as claims against the [County]." Credico, 2013 WL 6077168, *3 (citing Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) ("[A]n official-capacity suit is, in all respects other than name, is to be treated as a suit against the entity .... It is not a suit against the official personally, for the real party in interest is the entity."); Monell, 436 U.S. at 691 n. 55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")).

Thus, all of the plaintiff's claims under §1983 against Sheriff McAndrew in his official capacity will be dismissed with prejudice.[4]

### 3. Punitive Damages

As relief in his complaint, the plaintiff requests, in part, punitive damages against both the County and McAndrew, as well as the Doe defendants. With respect to punitive damages for a §1983 violation, this remedy is only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

---

[4]The plaintiff's claims against the Doe defendants in their official capacity will also be dismissed with prejudice since, as discussed above, "a claim against an official in his official capacity is considered a claim against the entity, i.e. [Lackawanna] County Sheriff's Office." Credico, 2013 WL 6077168, *5. "Because local police departments are not 'persons' who can be sued under §1983, see Johnson, 834 F.Supp. at 878-79, [the plaintiff] can only assert [his claims] against the municipality, i.e. [Lackawanna] County." Id.

indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30 (1983). Regarding federal civil rights claims, "reckless indifference" refers to the defendant's knowledge of the illegality of his actions, not the egregiousness of his actions. Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999)).

The court finds that the plaintiff cannot recover punitive damages against McAndrew, or the Doe defendants, to the extent he sues them in their official capacity, since this is, in effect, a claim for punitive damages against Lackawanna County. The Supreme Court has held that punitive damages may not be awarded against municipalities under §1983. *See* City of Newport v. Fact Concerts, Inc., 453 US 247, 271 (1981). Thus, any claim for punitive damages against Lackawanna County and Sheriff McAndrew, as well as the Doe defendants, in their official capacity are subject to dismissal.

Insofar as the plaintiff is suing McAndrew in his individual capacity, the court finds that he has, at this stage of the case, sufficiently alleged "reckless indifference" with respect to McAndrew's knowledge of the illegality of his actions in keeping the plaintiff incarcerated beyond his maximum sentence to seek punitive damages with respect to his claims under §1983. *See* Alexander v. Riga, 208 F.3d at 430-31. As such, the plaintiff's claim for punitive damages against Sheriff McAndrew in his individual capacity will not be dismissed. However, as discussed below, the plaintiff must file an amended complaint against McAndrew properly stating an Eighth Amendment claim.

### 4. Due Process Claim Under Fourteenth Amendment

The plaintiff claims that his due process rights under the 14th Amendment were violated in Count II of his complaint. Specifically, in Count II, the plaintiff alleges, in part, that "defendants caused [him] to suffer malicious prosecution by their wrongful conduct in continuing to incarcerate [him] and deprive him of his liberty and freedom when he had already served the maximum time required for his sentence." (Doc. 1, ¶ 31). Thus, in Count II, the plaintiff's due process claim is based on his allegation that his continued incarceration was unconstitutional and that he was unlawfully deprived of his liberty because he was made to stay in prison in excess of his maximum sentence. The plaintiff does not specify whether he is raising a substantive or procedural due process claim, or both. The defendants argue that regardless of what theory the plaintiff's due process claim is raised under, it is subject to dismissal for failure to state a claim.

To support their contention that the plaintiff fails to state a substantive due process claim under the 14th Amendment, the defendants rely upon United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219 (1997), in which the Supreme Court held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." In Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 813 (1994), the Court held that "[w]here a particular Amendment provides an explicit textual source of

12

constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotation marks omitted); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260–61 (3d Cir. 2010).

In this case, the defendants state that the plaintiff's claims and allegations against McAndrew are covered by either the Fourth or Eighth Amendment. There is no doubt that the Fourth Amendment governs a claim of malicious prosecution under §1983. *See* Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). Additionally, in Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989), the Third Circuit stated, "[w]e think there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." (citing Hutto v. Finney, 437 U.S. 678, 685, 98 S.Ct. 2565, 2570 (1978) (confinement in prison or isolation cell is form of punishment under eighth amendment)). The Court in *Sample, id.*, also found that "confinement in a prison pursuant to a conviction but beyond the term of a sentence seems to us to be quintessentially punitive."

Initially, the court finds that insofar as the plaintiff is raising a substantive due process claim, it is subject to dismissal as against all defendants. "[T]here is no substantive due process right to be free from malicious prosecution." Thomas v. City of Philadelphia, 290 F.Supp. 3d 371, 380 (citing Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807 (1994) ("[I]t is the Fourth Amendment, and not substantive due process, under which [a malicious

prosecution] claim must be judged.")).

Thus, the court will grant the defendants' motion to dismiss the plaintiff's 14th Amendment substantive due process claim in Count II of his complaint and this claim will be dismissed with prejudice. *See* Bosold v. Warden, SCI-Somerset, 2011 WL 6812902, *6 (E.D.Pa. Dec. 28, 2011) ("To the extent that Plaintiff seeks to assert a substantive due process claim under the Fourteenth Amendment, such a claim is barred by the 'more-specific-provision rule.'") (citations omitted).

The Third Circuit has not decided whether a 14th Amendment procedural due process malicious prosecution claim exists, and it is "an unsettled question" in our Circuit. Thomas, 290 F.Supp. 3d at 381-82. In Bosold, 2011 WL 6812902, *6, the court considered a complaint similar to Count II of our plaintiff's complaint, and stated that "[the amended complaint] does not specifically state whether Plaintiff is asserting a substantive or procedural due process claim with respect to his detention in excess of his maximum release date." However, the court in *Bosold, id.*, stated that "[s]ince the Amended Complaint contains no assertion that the procedures available to the Plaintiff failed to provide due process of law, we conclude that Plaintiff intended to assert a substantive due process claim in Count I." The court in Bosold, 2011 WL 6812902, *6 n. 4, noted that to state a procedural due process claim under the Fourteenth Amendment, "a plaintiff must allege: (1) an interest that is encompassed within the Fourteenth Amendment's 'protection of life, liberty, or property;' and (2) that the procedures available to the plaintiff did not

14

provide 'due process of law.'" (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d. Cir. 2000)). Thus, since plaintiff Wiggins' complaint "does not assert that the procedures available to [him] failed to provide 'due process of law'", *id.*, the court finds that he has not stated a plausible 14th Amendment procedural due process claim.

Moreover, in *Thomas*, the court found merit to the defendants' defense of qualified immunity with respect to any claim raised by the plaintiff pertaining to a procedural due process right against malicious prosecution since the court found that such a right "is not clearly established." Id. at 382. The court in *Thomas, id.*, stated that "[t]he Supreme Court has not yet articulated such a right", and that "the Third Circuit Court of Appeals stopped short of deciding the right's 'viability' in 2014." Thus, the court in *Thomas, id.* at 383, held that "the individual defendants have qualified immunity from a claim for malicious prosecution in violation of the procedural due process clause." *See* Clifton v. Borough of Eddystone, 824 F.Supp.2d at 622 ("A state official with qualified immunity has no civil liability for discretionary conduct so long as he does 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

In the present case, the defendants did not raise the affirmative defense of qualified immunity with respect to any of the plaintiff's claims against McAndrew, or the Doe defendants. Regardless, the court will grant the defendants' motion to dismiss the plaintiff's 14th Amendment procedural due

process claim in Count II of his complaint. The court will dismiss this claim with prejudice because, even if the plaintiff were allowed to amend it, the individual defendants would be entitled to qualified immunity regarding such claim since there is not a clearly established right. *See Thomas, supra*.

Additionally, since the plaintiff does not state any cognizable claims under the Fourth and Eighth Amendments in Count II, this Count will be dismissed in its entirety.

### 5. Malicious Prosecution, False Imprisonment and False Arrest

The defendants argue that the plaintiff has failed to state any cognizable claims for malicious prosecution, false imprisonment and false arrest. It is well-settled that "[t]o prove malicious prosecution  ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor*;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Piazza v. Lakkis, 2012 WL 2007112, *7 (M.D.Pa. June 5, 2012); Curry v. Yachera, 835 F.3d 373, 379-80 (3d Cir. 2016). "[A] claim for malicious prosecution 'permits damages for confinement imposed pursuant to legal process.'" Piazza, 2012 WL 2007112, *8 (citations omitted).  Further, "a claim for malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not

prosecution itself.'" *Id*. (citations omitted).

A false arrest claim under §1983 also has an element requiring that the plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under §1983, the court in Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D.Pa. 2008)*,* stated:

> A claim under §1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D.Pa. 2001) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.* "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. Johnson, 477 F.3d at 75; *see also* Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also* Cummings v. City of Phila., 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims under §1983, he must satisfy each of the above stated elements. Kossler, 564 F.3d at 186. Unfortunately, the plaintiff fails to state either a malicious prosecution claim or a false arrest claim under the Fourth Amendment against them since they are not alleged to have initiated criminal

prosecution against him nor to have arrested him. Nor did the criminal proceedings end in the plaintiff's favor since he was admittedly convicted and sentenced to prison on the drug charges filed against him.[5]

Thus, the court will dismiss with prejudice the plaintiff's claimed malicious prosecution and false arrest under the Fourth Amendment in Count I against all defendants.[6]

_____

[5]The defendants also point out that since the plaintiff alleges that he was released from prison "sometime in the winter of 2015", his claim for false imprisonment would be time-barred. The defendants state that a claim for false imprisonment accrues when the alleged false imprisonment ends and they cite to Wallace v. Kato, 549 U.S. 384, 388-89 (2007). The court finds that a statute of limitations defense in this case is more appropriately raised in a summary judgment motion since it is not apparent from the plaintiff's pleading as to when his claim accrued.

[6]Although the defendants do not assert that the plaintiff's false arrest and malicious prosecution claims under §1983 are barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the court notes that any such properly stated claims by the plaintiff would indeed be *Heck* barred since "it is clear from plaintiff's allegations that neither the duration of his confinement nor his sentence has been otherwise invalidated." Woods v. Pa. Dept. of Corrections, 2012 WL 2861910, *3 (W.D.Pa. July 11, 2012). *See also* Curry v. Yachera, 835 F.3d 373 (3d Cir. 2016).

Additionally, to the extent that the plaintiff is alleging that the defendants improperly recalculated his maximum sentence date and wrongfully caused him to be imprisoned longer than the maximum sentenced imposed by the county court and he seeks to recover monetary damages for the period of time he claims he was wrongfully incarcerated, such claims are also *Heck* barred. *See id.* (citing Royal v. Durison, 254 Fed.Appx. 163, 165 (3d Cir. 2007) (dismissing a state inmate's challenge to the DOC's sentence calculation that resulted in his being incarcerated more than six months beyond the allowable statutory maximum sentence, because finding in the plaintiff's favor "would necessarily be holding that the 'confinement or its duration' was invalid in violation of the favorable termination requirement announced in *Heck*"); Early v. Ludwig, 2009 WL 763592, at *5 (W.D.Pa. Mar. 23, 2009) (holding that state inmate's §1983 claim challenging calculation of

The plaintiff also raises a false imprisonment claim under the Fourth and Eighth Amendments basically alleging that the defendants unlawfully deprived him of his liberty by keeping him in prison when they knew such confinement was in excess of his maximum sentence imposed by the county court. In fact, the plaintiff's claims the instant case, based on his alleged wrongful detention after he served his maximum sentence, are more analogous to a false imprisonment claim since "the claims are premised on wrongful detention without legal process", as opposed to a malicious prosecution claim, since the claims do not "involve[] the trial process itself." Thomas, 290 F.Supp. 3d at 383 (citations omitted).

The court finds that the plaintiff has not stated a cognizable claim under the Fourth Amendment. The plaintiff essentially alleges that the defendants held him at LCP after his maximum sentence was already served depriving him of his liberty and freedom. In Bosold v. Warden, SCI-Somerset, 2011 WL 6812902, *5 (E.D.Pa. Dec. 28, 2011), the court addressed a similar Fourth Amendment claim as our plaintiff raises and stated:

> Count I of the Amended Complaint alleges that Defendants' conduct in holding Plaintiff at SCI Somerset after his maximum release date deprived him of his Fourth Amendment right to be secure in his person and property against unreasonable seizure.

his maximum sentence expiration date was barred by *Heck* ); Jones v. Yale, 2008 WL 2522427, at *2 (E.D.Pa. June 25, 2008) (holding that state inmate's §1983 claim that his sentence was miscalculated such that he served an additional 152 days in prison was barred by *Heck*, because plaintiff had not alleged that the sentence had been reversed or called into question by prior court action, regardless of the fact that plaintiff was no longer incarcerated).

"However, the United States Supreme Court has held that the Fourth Amendment has no applicability to prison cells." Granberry v. Chairman of Pa. Bd. of Prob. & Parole, 2010 WL 486593, at *4 (W.D.Pa. Feb.05, 2010) (dismissing Granberry's claim that "'that being imprisoned well past the maximum sentence imposed ... constituted an illegal seizure of [his] person under the 4th amendment to the United States Constitution'" (omission in original)) (quoting Hudson v. Palmer, 468 U.S. 517, 536, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001)), *aff'd*, 396 F.App'x 877 (3d Cir. 2010). We therefore conclude that Plaintiff cannot assert a plausible §1983 claim for violation of his Fourth Amendment rights based upon his detention at SCI Somerset after his maximum release date. Defendant's Motion is, consequently, granted as to Plaintiff's claim in Count I that Defendants violated his Fourth Amendment right to be secure in his person and property from unreasonable seizure.

As such, the plaintiff's claim in Count I that the defendants violated his Fourth Amendment rights to liberty and freedom by confining him in LCP beyond the maximum sentence imposed by the county court will be dismissed. *See Bosold, supra*.

Based on the above, and in light of the *Sample* case, the court will analyze Count I of the plaintiff's complaint to the extent that it asserts a claim for violation of his rights under the Eighth Amendment. In Bosold, 2011 WL 6812902, *6, the court stated,

"The Eighth Amendment protects convicted individuals from 'cruel and unusual punishments,' and the Third Circuit has recognized a cause of action under this provision for prisoners detained past their scheduled release date." Davis v. Pa. Bd. of Prob. & Parole, Civ. A. No. 05–330J, 2006 WL 3308440, at *7 (W.D.Pa. Oct.13, 2006) (citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989), and Moore v. Tartler, 986 F.2d 682, 686 (3d Cir.1993)). The Third Circuit has explained that, "there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." Sample, 885 F.2d at 1108 (citing Hutto v. Finney, 437 U.S. 678, 685, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), and Haygood v. Younger, 769 F.2d 1350,

20

1354 (9th Cir.1985) (en banc )). Detention beyond one's maximum release date may be cruel and unusual if it is "totally without penological justification." Id. (quotation omitted). We have therefore analyzed Count I as if it asserted a claim for violation of Plaintiff's rights under the Eighth Amendment.

In Bosold, 2011 WL 6812902, *7, the court stated, "in order to state a viable Eighth Amendment claim for 'incarceration without penological justification,' a complaint must allege facts that would demonstrate the following three elements:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison."

(citing Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample, 885 F.2d at 1110)).

The defendants contend that Count I should be dismissed against McAndrew since the plaintiff's complaint does not allege that he was personally involved in the violation of plaintiff's constitutional rights. In short, the plaintiff alleges that even though the County and McAndrew were advised by officials at SCI-Graterford that he had already served in excess of his maximum sentence allowed and that they could not confine him in prison, the Sheriff nonetheless picked him up the next day and then the defendants confined him in LCP "for an additional year over the maximum sentence he

21

had already served." It is well settled that a plaintiff in a §1983 civil rights action must show that each defendant was personally involved with the alleged violation of his constitutional rights. *See* Sutton v. Rasheed, 323 F.3d 236, 249-250 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). Nor can a supervisory defendant, such as McAndrew, be named on the basis of *respondeat superior*. Id.

As in the Bosold case, id. at *7, "we find that the [] Complaint alleges two of the three elements of a claim for incarceration without penological justification: (1) that [McAndrew] had knowledge that Plaintiff was being held after his maximum release date 'and thus of the risk that unwarranted punishment was being ... inflicted;'" and (2) that [McAndrew] 'failed to act ... indicating that his response to the problem was a product of deliberate indifference to the [plaintiff's] plight.'" (citing Montanez, 603 F.3d at 252). Also, similar to Bosold, id. at *7, "the [] Complaint does not address the scope of [McAndrew's] duties and the role [McAndrew] played in the life of the prison [at [LCP]." "The [] Complaint also lacks any allegations of fact regarding [McAndrew's] authority or ability to address the alleged violation of Plaintiff's Constitutional rights." Id. Thus, Wiggins' complaint "does not allege any facts that would demonstrate the third element of a claim of incarceration without penological justification, i.e., the causal connection between [McAndrew's]

failure to act and Plaintiff's continued unjustified detention." Id. (citing Montanez, 603 F.3d at 252).

Based on *Bosold*, *id.*, the court finds that Count I of Wiggins' complaint "fails to state plausible claim for violation of Plaintiff's Eighth Amendment rights upon which relief may be granted." While the court will grant the defendants' motion to dismiss the plaintiff's Eighth Amendment claim in Count I, it will dismiss this claim without prejudice to allow the plaintiff to file an amended complaint regarding this claim.

### 6. Monell Claim Against Lackawanna County

Finally, in Count III, the plaintiff asserts a municipal liability claim against the defendant County under *Monell*. The plaintiff simply alleges as follows:

> Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of plaintiff's constitutional and other rights. Specifically, continuing to incarcerate the plaintiff for an additional year after he had already served the maximum time required for his sentence.

(Doc. 1 at 6).

The defendants argue that plaintiff fails to state a viable claim against the Lackawanna County based on *Monell*. Since plaintiff names the County as a defendant and alleges that it violated his constitutional rights, the standards annunciated in Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018 (1978), apply to his claim against it. *See* Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d 516, 524 (M.D.Pa. 2013). A

municipality is a "person" for purposes of §1983. *See* Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. "Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation." Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d at 524; Mann v. Palmerton Area School Dist., 33 F.Supp.3d 530, 540-41 (M.D.Pa. 2014) ("Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation.") (citation omitted). The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id.

A court may find that a municipal policy exists when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). It is also possible for a court to find the existence of a municipal policy in "the isolated decision of an executive municipal policymaker." City of St. Louis v. Praprotnik, 485 U.S. 112, 139

(1988). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." Andrews, 895 F.2d at 1480 (citations omitted). There must be a "direct causal link" between the municipal policy or custom and the alleged constitutional violation. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249–50 (3d Cir. 2007) (citation omitted).

Thus, plaintiff must allege that the County unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. Mann v. Palmerton Area School Dist., 33 F.Supp.3d 530, 540-41 (M.D.Pa. 2014).

In Burke, 742 F.Supp.2d at 673, the court explained:

In Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), the Court clarified: "it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Under this test, "proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains." Id. at 405, 117 S.Ct. 1382.

As discussed, the court has found only that the plaintiff may be able to state a viable Eighth Amendment claim for "incarceration without penological justification" against McAndrew in Count I, but he must amend his complaint

to proceed with such a claim. The court also finds that the plaintiff's allegations in Count III are insufficient to establish a *Monell* claim against the County. The court will grant the defendants' motion to dismiss Count III. However, the court will allow the plaintiff to amend his claim under *Monell* against the County in Count III.

## IV.    CONCLUSION

The plaintiff has failed to state cognizable §1983 claims for malicious prosecution, false imprisonment and false arrest under the Fourth Amendment and, he has failed to state a substantive and a procedural due process claim under the Fourteenth Amendment, in Counts I and II, against the defendants. As such, the defendants' motion to dismiss these claims is **GRANTED** and, these claims are **DISMISSED WITH PREJUDICE**.

The plaintiff also has failed to state a cognizable Eighth Amendment claim in Count I against the defendants. As such, the defendants' motion to dismiss this claim is **GRANTED**, but this claim is **DISMISSED WITHOUT PREJUDICE**. The plaintiff will be permitted to file an amended complaint regarding his Eighth Amendment claim in Count I within 14 days.

The defendants' motion to dismiss the plaintiff's *Monell* claim against Lackawanna County in Count III is **GRANTED**, but this claim is **DISMISSED WITHOUT PREJUDICE**. The plaintiff will be permitted to file an amended complaint regarding his *Monell* claim in Count III within 14 days.

The plaintiff is directed to identify his John Doe defendants 1-10 and to

file an amended complaint regarding only his Eighth Amendment claim in Count I against these Doe defendants within 14 days. If plaintiff fails to identify his John Doe defendants 1-10, as specified, they will be dismissed from this case.

All of the plaintiff's claims against Sheriff McAndrew and the Doe defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

The plaintiff's claims for punitive damages against Lackawanna County, against Sheriff McAndrew and the Doe defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

The plaintiff's claims for violations of his rights under the Pennsylvania Constitution are **DISMISSED WITH PREJUDICE**.

Any state law tort claims that the plaintiff may be raising in his complaint against the defendants are **DISMISSED WITH PREJUDICE** since the defendants are immune under the PSTCA.

An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 6, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1410-01.wpd

27